IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00580-KLM

RONALD WILLIAM KALKHORST,

    Plaintiff,

v.

MEDTRONIC, INC.,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court sua sponte. On July 26, 2018, the Court set a Scheduling Conference for September 7, 2018, at 3:00 p.m. *See Order* [#21].[1] On September 6, 2018, the Court entered a Minute Order [#24] stating:

> This case is set for a Scheduling Conference on September 7, 2018. Pursuant to the Local Rules of the United States District Court for the District of Colorado and Court Order [#21], Plaintiff was obligated to prepare a proposed Scheduling Order, to review and revise it with Defendant, and to tender it to the Court on or before August 31, 2018. See D.C.COLO.LCivR 16.1. The proposed Scheduling Order was not filed by the deadline. Accordingly, IT IS HEREBY ORDERED that the Scheduling Conference set for September 7, 2018, at 3:00 p.m. is VACATED and RESET for October 31, 2018, at 9:30 a.m. in Courtroom A-401, Fourth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. IT IS FURTHER ORDERED that Plaintiff shall make an appointment with the Colorado Federal Pro Se Clinic by calling 303-380-8786 about drafting and submitting a proposed scheduling order under Local Rule 16.1. The deadline for submission of the proposed scheduling order is October 17, 2018. In the event that Plaintiff does not comply with this deadline, Defendant shall submit

---

[1] "[#21]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). This convention is used throughout this Order.

-1-

> its version of a proposed scheduling order no later than October 24, 2018. Plaintiff is hereby warned that failure to follow future Court orders may be construed as a failure to prosecute and result in dismissal of the case.

Plaintiff did not file a proposed scheduling order by October 17, 2018, and therefore Defendant submitted its version of a Proposed Scheduling Order [#25] on October 24, 2018. In its Proposed Scheduling Order, Defendant noted that it "previously corresponded with Plaintiff on August 14, 2018, regarding a conference under Federal Rule of Civil Procedure 26(f) and the submission of a joint proposed scheduling order. But, to date, Plaintiff has not contacted Defendant's counsel in response." *See* [#25] at 1 n.1.

The day before the reset Scheduling Conference, on October 30, 2018, Plaintiff mailed a copy of a draft Scheduling Order to the Court via United States Postal Service. *See Notice of Scheduling Order* [#29]; *Envelope* [#29-2] at 1. That night, at 9:59 p.m., Defendant's counsel received via e-mail the draft Scheduling Order from Plaintiff. *See Def.'s Ex. A* [#30-1] at 1. Plaintiff's draft Scheduling Order essentially rewrote Defendant's portion of the Statement of Claims and Defenses to oppose almost all of Defendant's statements. *See* [#29] at 3-9. Subsequent sections of the document were erased except for the November 14, 2018 deadline for joinder of parties and amendment of pleadings and the statement regarding amendments to the scheduling order, i.e., that the order may be altered and amended only on a showing of good cause. *See id.* at 9. Plaintiff also responded to Defendant's footnote about conferral by stating: "Plaintiff has been detained due to Grandson Health issues from May 2018-Oct 2018. Grandson's health is still being evaluated by his primary care physician." *See id.* at 1 n.1. No further information was provided.

At the Scheduling Conference on October 31, Defendant's counsel provided the

Court with a copy of Plaintiff's draft Scheduling Order that had been e-mailed to him late the previous evening. *See Courtroom Minutes* [#26] at 1; *Def.'s Ex. A* [#30-1] at 1. Plaintiff failed to appear at the Scheduling Conference, despite clearly being on notice about the time and date of the hearing. *See* [#24]; [#25] at 1; [#29] at 1.

The Court entered Defendant's version of the Proposed Scheduling Order, with interlineations, as an order of the Court. *See Scheduling Order* [#27]. In relevant part, the Court stated on the first page of the Scheduling Order [#27]: "NOTE TO PLAINTIFF: Failure to comply with any deadline set forth in this Order shall result in dismissal of your case." Plaintiff was ordered to file a supplement to Section 3.a. of the Scheduling Order no later than November 6, 2018, setting forth the facts underlying his claims. Plaintiff was further ordered to file a supplement to Section 5 of the Scheduling Order no later than November 6, 2018, setting forth his alleged damages by category and amount. The parties were ordered to exchange Rule 26(a)(1) initial disclosures pursuant to Section 6.c. of the Scheduling Order no later than November 14, 2018. Plaintiff was ordered to file a supplement to Section 9.d.1. of the Scheduling Order no later than November 6, 2018, setting forth any fields of expert testimony he intends to present. Finally, Plaintiff was ordered to file a supplement to Section 9.e. of the Scheduling Order no later than November 6, 2018, listing those witnesses he intends to depose. The Courtroom Minutes [#26] reiterated the deadlines with which Plaintiff was required to comply and the notice regarding the consequences if Plaintiff should fail to comply with those deadlines.

On November 1, 2018, the Clerk of Court received the mailed copy of Plaintiff's draft Scheduling Order, with which Plaintiff also included a copy of his Charge of Discrimination. *See* [#29, #29-1]. On November 5, 2018, at 3:06 p.m., Plaintiff left a voicemail for

Defendant's counsel, regarding his case. *See Def.'s Ex. A* [#30-1] at 1. Although the precise contents of that message are not known to the Court, Defendant's counsel responded by e-mail about thirty minutes later, stating in part: "Unfortunately, we cannot advise you regarding your obligations pursuant to the Court's October 31, 2018 Courtroom Minutes [ECF No. 26] and the Court's accompanying October 31, 2018 Scheduling Order [ECF No. 27], which I have attached here as a courtesy." *Id.* On November 19, 2018, Defendant filed a Notice of Plaintiff's Continued Failure to Comply With the Orders of This Court [#30], in which it notified the Court that Plaintiff also missed the November 14, 2018 deadline to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). Plaintiff did not file any type of response to Defendant's Notice, although the Court has waited more than twenty-one days before issuing this present Order so as to give Plaintiff the opportunity to do so.

Despite the Court's clear warning about the consequences for failing to comply with the deadlines set forth in the Scheduling Order, Plaintiff has filed nothing, including a request for an extension of time or a request for clarification, since the Court received his draft Scheduling Order in the mail on November 1, 2018. Plaintiff's conduct to date demonstrates a lack of interest in prosecuting this case as well as a failure to comply with multiple Court orders. The Court therefore considers whether Plaintiff's case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b). *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider sua sponte whether a case should be involuntarily dismissed due to the plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008). Because Plaintiff is proceeding pro se,

the Court has given Plaintiff several opportunities to prosecute his case. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not Plaintiff's advocate and must nevertheless recommend dismissal if circumstances warrant that outcome. *See Hall*, 935 F.3d at 1110.

## I. Analysis

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.[2] The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921). Given that Plaintiff is proceeding pro se, the Court must carefully conduct its analysis and consider whether "some sanction other than dismissal [with prejudice is appropriate], so that the party does not unknowingly lose [his] right of access to the courts . . . ." *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).

---

[2] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same. *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

## A. Prejudice to Defendant

From a review of the case file, the Court finds that Plaintiff's neglect of his case has prejudiced Defendant. Defendant has defended this lawsuit in good faith, attended the Scheduling Conference, and prepared Court documents. Moreover, Plaintiff's failure to materially participate in creation of the Scheduling Order and to exchange initial discovery has prejudiced Defendant's ability to defend against the allegations made by Plaintiff in his Amended Complaint [#8]. Allowing the case to proceed when Plaintiff has failed to comply with his obligations would require Defendant to expend further unnecessary time and expense to defend against a case which Plaintiff appears to have little interest in prosecuting on his own. This factor weighs in favor of dismissal.

## B. Interference with the Judicial Process

The Court concludes that Plaintiff's failure to prosecute his case, and specifically his failure to comply with Court Orders, necessarily interferes with the effective administration of justice. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003). Plaintiff's failure to put himself in a position to comply with Court Orders evidences lack of respect for the Court and the judicial process. In particular, Plaintiff's neglect has caused the undersigned and her staff to expend unnecessary time and effort. The Court's frequent review of the case file, holding a Scheduling Conference which Plaintiff failed to attend and for which he failed to adequately prepare, and issuance of this Order increase the workload of the Court and take its attention away from other matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues. "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research,

analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006). This factor weighs in favor of dismissal.

**C.     Culpability of Plaintiff**

Plaintiff has ignored his case responsibilities and failed to move his case forward. Although the Court is sympathetic to the fact that Plaintiff's grandson has health issues, Plaintiff has provided no detail whatsoever regarding why his grandson's health issues have impacted Plaintiff's litigation of this case to such a profound degree. The Court provided Plaintiff with ample opportunities to litigate his case, but he has chosen not to participate except in an unacceptably minimal amount. As a voluntary pro se litigant, it is solely Plaintiff's responsibility to ensure that he complies with case deadlines, Court Orders and applicable rules. *See, e.g.*, *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Considering the history of this case, the Court must conclude that Plaintiff's failures have been willful, and that he is therefore responsible for his own noncompliance. This factor weighs in favor of dismissal.

**D.     Advance Notice of Sanction of Dismissal**

Plaintiff was warned by the Court on at least six occasions that he risked dismissal of his case if he failed to move the case forward or to comply with Court Orders.

First, Plaintiff was warned three times at the outset of the case what he must generally do to avoid dismissal of his case. He was notified in the July 26, 2018 Order Setting Scheduling/Planning Conference and Advisement to Pro Se Plaintiffs that "**[t]he plaintiff, who is proceeding pro se, shall take particular notice of these instructions as any failure to comply may result in the imposition of sanctions and/or dismissal of his case.** *See* [#21] at 1 (emphasis in original). Plaintiff was later warned in the same

order: "**Failure to appear at a court-ordered conference or to comply with a court-ordered deadline which has not been vacated by court order, including deadline to prepare and submit a proposed scheduling order, may result in the imposition of sanctions under Fed. R. Civ. P. 16(f), including the payment of the opposing parties' expenses in attending the scheduling conference, and/or dismissal of the case.**" *See id.* at 3 (emphasis in original). In the Court's letter to pro se litigants issued along with the Order Setting Scheduling/Planning Conference [#21], Plaintiff was told once more that: "Even though you don't have a lawyer representing you, you are required to participate in the ordinary events associated with being a party to a lawsuit, like discovery, court hearings, and trial. If you fail to do so, the Judge may impose monetary and non-monetary sanctions on you, up to and including either dismissal of your case (if you are the plaintiff) . . . ." *See* [#21-3] at 2.

Second, when Plaintiff failed to participate in the creation of a proposed Scheduling Order, thereby causing the Court to reset the Scheduling Conference, he was told: "Plaintiff is hereby warned that failure to follow future Court orders may be construed as a failure to prosecute and result in dismissal of the case." *Minute Order* [#24].

Third, in both the Scheduling Order [#27] and Courtroom Minutes [#26] from the Scheduling Conference, Plaintiff was warned again that failure to comply with the deadlines set forth by the Court would result in dismissal of his case.

Pro se litigants are required to read and follow the rules of the Court. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Accordingly, it should be no surprise to Plaintiff that his failure to prosecute this case could result in the sanction of dismissal. Although this factor cannot be said to weigh in favor of or against dismissal, where other factors support

dismissal, the Court's efforts to advise Plaintiff of the potential for dismissal in this case do not prevent this result.

**E.     Efficacy of a Lesser Sanction**

Finally, the Court concludes that no sanction less than dismissal would be effective. Although Plaintiff is proceeding pro se, that does not excuse his neglect here. *See Green*, 969 F.2d at 917. In addition, given the magnitude of Plaintiff's neglect, the Court doubts that a monetary or evidentiary sanction would be practical or effective, nor would such a sanction bear a substantial relationship to Plaintiff's misconduct. Considering the history of the case, it is apparent that Plaintiff is no longer interested in and/or capable of prosecuting his claims. Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result.

## II. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that Plaintiff's case is **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 41(b).

IT IS FURTHER **ORDERED** that the Clerk of Court shall **close** this case.

Dated: December 19, 2018

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge